NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| AMERICAN LEISTRITZ EXTRUDER CORP., | : | |
| Plaintiff, | : | |
| v. | : | Civil No. 05-3793 (AET) |
| POLYMER CONCENTRATES, INC., | : | **MEMORANDUM & ORDER** |
| Defendant. | : | |

THOMPSON, U.S.D.J.

This matter is before the Court upon Plaintiff American Leistritz Extruder Corp.'s Motion for Partial Summary Judgment, and Defendant Polymer Concentrates, Inc.'s Cross-Motion to compel the depositions of two witnesses. The Court has decided these Motions based upon the submissions of the parties and without oral argument pursuant to Fed. R. Civ. P. 78. For the reasons set forth below, Plaintiff's Motion is denied, and Defendant's Motion is granted.

BACKGROUND

This is Plaintiff's second Motion for Partial Summary Judgment. On April 20, 2007, the Court issued a Memorandum and Order [37] denying Plaintiff's first Motion for Partial Summary Judgment. The instant Motion seeks largely the same relief and is supported by many of the same arguments Plaintiff made in its earlier Motion. The Court briefly summarizes the facts relevant to this Motion, but the parties are presumed to be familiar with the Court's April 20, 2007 Memorandum and Order.

A.    Factual Background

In March 2004, Plaintiff entered into a contract with Defendant for the sale of a twin screw extruder system and related equipment ("extruder"). The contract price was $509,888, to be paid in several installments.

In September 2004, Plaintiff delivered the extruder to Defendant, and delivered additional parts within several weeks. Defendant contends that it noticed, and informed Plaintiff, that the extruder had operational problems immediately after delivery. (Delventhal Second Cert., Ex. A, Phillips Christopherson Dep. 56-59.) Over the next several months, Plaintiff and Defendant engaged in frequent telephone and personal contact regarding the extruder's operation and performance. (North Supp. Cert., Ex. F; Delventhal Second Cert., Ex. C, Ledoux Dep. 26-27; id., Ex. D., Lacouture Dep. 22-27.) In January 2006, Plaintiff wrote a letter to Defendant to demand that the extruder be returned. (North Cert., Ex. I.) Plaintiff asserts that Defendant has not only refused to return the extruder, but that Defendant continues to use the extruder, allegedly in excess of 6,316 hours as recorded on the extruder's meter until April 2007. (Pl.'s Mot. Summ. J. 12, 13.)

Defendant eventually stopped making payments to Plaintiff for the extruder. On May 20, 2005, Plaintiff demanded that Defendant pay the balance allegedly owed of $258,796.95. (North Supp. Cert., Ex. F.) On June 10, 2005, Defendant informed Plaintiff that it would resume payments, minus damages and expenses, after Plaintiff corrected the alleged problems with the extruder. (Christopherson Cert., Ex. O.)

B.    Procedural Background

On July 28, 2005, Plaintiff filed a Complaint alleging breach of contract and unjust

-2-

enrichment.  Defendant counterclaimed, seeking compensatory, consequential, and special damages for Plaintiff's alleged breach of contract, warranties, duty to install, repair and replace, and duty of good faith and fair dealing.  Plaintiff's first Motion for Partial Summary Judgment seeking the balance of the contract price was denied on April 20, 2007.  The Court found that triable issues of fact existed as to whether the Defendant revoked its acceptance of Plaintiff's extruder.  Mem. and Order [37], <u>Am. Leistritz Extruder Corp. v. Polymer Concentrates, Inc.</u>, 05 Civ. 3793, at *3-*6 (D.N.J. Apr. 20, 2007).  Plaintiff now files this second Motion for Partial Summary Judgment, seeking judgment on (1) its claim for the outstanding contract balance of $258,796.95; (2) Defendant's claim for consequential damages for lost profits; and (3) Defendant's claim for damages incurred in dismantling an older extruder and installing the one at issue in this dispute.

    Defendant filed a Cross-Motion to compel the depositions of two remaining witnesses, Stuart Kapp, Plaintiff's sales manager, and Frank Eisenhauer, Plaintiff's technical representative.  On July 23, 2007, Magistrate Judge Bongiovanni ordered these depositions to be completed by July 31, 2007.  Defendant's counsel asserts that Plaintiff's attorneys have not yet permitted these depositions.  However, Plaintiff's attorneys argue that they have made Mr. Kapp and Mr. Eisenhauer available and that scheduled depositions did not take place because Defendant's counsel canceled them.  (North Cert., Exs. B - E.)

DISCUSSION

<u>A</u>.    <u>Standard for Summary Judgment</u>

    Summary judgment is appropriate if, on the record, "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P.

56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Kreschollek v. S. Stevedoring Co., 223 F.3d 202, 204 (3d Cir. 2000). In deciding whether there is a disputed issue of material fact, the Court must view the underlying facts and draw all reasonable inferences in favor of the non-moving party. Matushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Pennsylvania Coal Ass'n v. Babbitt, 63 F.3d 231, 236 (3d Cir. 1995). The threshold inquiry is whether there are "any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986).

The non-moving party must "go beyond the pleadings and by [its] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial." Celotex, 477 U.S. at 324. To survive a motion for summary judgment, the non-moving party must present more than the "mere existence of a scintilla of evidence" in his favor. Anderson, 477 U.S. at 252.

B.   Plaintiff's Claim for the Balance of the Contract Price

On April 20, 2007, the Court issued a Memorandum and Order [37], denying summary judgment because there still exist genuine issues of material fact as to whether Defendant revoked its acceptance of the extruder pursuant to the Uniform Commercial Code as adopted by New Jersey. N.J. Stat. Ann. § 12A:2-607(2). Specifically, the Court held that there are genuine issues of material fact as to whether (1) the extruder did not conform; (2) the non-conformity substantially impaired the value of the extruder as to Defendant; (3) Defendant reasonably assumed that Plaintiff would seasonably cure the extruder's defect; (4) Defendant revoked within a reasonable time after it discovered the extruder's defect and before any substantial change

occurred in the condition of the extruder that was not caused by its own defect; and (5) Defendant notified Plaintiff of the revocation.  Mem. and Order [37], Am. Leistritz Extruder Corp. v. Polymer Concentrates, Inc., 05 Civ. 3793 at *3-6 (D.N.J. Apr. 20, 2006).

Defendant's continued use of the extruder, allegedly in excess of 6300 hours, is the only additional evidence proffered by Plaintiff in support of the instant Motion.  That fact does not does not change the Court's earlier analysis.  See Fablok Mills, Inc. v. Cocker Mach. & Foundry Co., 310 A.2d 491, 494 (N.J. Super. Ct. App. Div. 1973) (holding that continued use after revocation does not necessarily constitute acceptance).  Therefore, the Court stands on its earlier Memorandum and Order [37] denying summary judgment.

C.      Defendant's Counterclaims for Consequential Damages

   1.      Lost Profits

Plaintiff argues that Defendant cannot recover for its claim of lost profits because (1) the Standard Terms and Conditions, which Plaintiff contends were a part of its contract with Defendant, precludes Defendant from seeking consequential damages;[1] further, even if Defendant were not contractually barred, (2) these damages were not reasonably foreseeable to Plaintiff; and (3) the lost profits are too speculative to be cognizable.  Defendant argues that the Standard Terms and Conditions were not included with a copy of its contract and, thus, it is not barred

---

[1] The Standard Terms and Conditions, which Plaintiff alleges is included in its contract with Defendant, contains a section entitled "Limitation of Liability" which provides in part:

> In no event shall Seller be liable for any loss of use, revenue, profit or custom, or for any direct, indirect, incidental or consequential damages arising out of, connected with or resulting from goods or services furnished by Seller, regardless of whether such claim arises within the warranty period.

(Martin Cert., Ex. B at § 10.)

from recovering consequential damages.  Defendant also asserts that its lost profits were foreseeable to Plaintiff, and that New Jersey law, as predicted by the Third Circuit, permits recovery for lost profits where a party has a successful operating history.

Defendant's contention that the Standard Terms and Conditions were not included with the contract for the sale of the extruder raises a disputed issue of fact, and for the purposes of this Motion, the Court will credit the Defendant's version of the facts and assume that these terms were not physically a part of the contract.  Nonetheless, Plaintiff insists that these terms apply to bar Defendant from recovering consequential damages because the contract makes reference to "enclosed standard terms and conditions." (Martin Cert., Ex. A at 9.)  The Court can find no case in which terms that are not presented to a party can nonetheless bind the party simply by reference to those terms in the contract.  Accordingly, the Court determines that the waiver of consequential damages contained in the Standard Terms and Conditions does not preclude Defendant from seeking them.

The Court next considers Defendant's claim for lost profits.  Consequential damages include

> (a) any loss resulting from general or particular requirements and needs of which the seller at the time of contracting had reason to know and which could not reasonably be prevented by cover or otherwise; and
> (b) injury to person or property proximately resulting from any breach of warranty.

N.J. Stat. Ann. § 12A:2-715(2).  Lost profits are considered consequential damages, and may be recovered "where they are reasonably foreseeable at the time the contract was entered into." George H. Swatek, Inc. v. North Star Graphics, Inc., 587 A.2d 629, 631 (N.J. Super. Ct. App. Div. 1991) (internal citation omitted).  A party seeking to recover lost profits "need only

demonstrate . . . that the damage was of a type that a reasonable man would realize to be a probable result of his breach." Id. at 632.

In this case, Defendant informed Plaintiff that it was interested in purchasing the extruder in order to realize greater efficiencies, which would enable it compete for new business. (Delventhal Second Cert., Ex. B, Scott Christopherson Dep. 10-11.)  Thus, Defendant argues that Plaintiff had reason to know of potential lost profits at the time the contract was signed.  Drawing all reasonable inferences in Defendant's favor, the Court determines that a genuine issue of material fact exists regarding whether Plaintiff had notice of Defendant's plan to generate new business through its purchase and use of the extruder.  Moreover, Defendant's claims for lost profits are not so speculative as to bar their recovery.  In predicting New Jersey law with respect to recovery of lost profits for new business, the Third Circuit has held that a new business is not precluded as a matter of law from being awarded lost profits in a breach of contract action, provided that those damages can be proven with reasonable certainty. In re Merritt Logan, Inc., 901 F.2d 349, 359 (3d Cir. 1990).  Here, Defendant has ordered extruders and related parts from Plaintiff in order to engage in plastics manufacturing since at least 1991 (Delventhal Second Cert., Ex. A, Phillips Christopherson Dep. 8-9), and has presented evidence that the extruder at issue operated at a loss and replaced one that operated at a profit.  (Id., Ex. C, Ledoux Dep. 87-88.)  Thus, the Court concludes that Defendant may be able to prove its damages for lost profits with reasonable certainty.

    2.    Expenses Incurred in Dismantling and Installation

Plaintiff argues that Defendant is not entitled to recover the expenses it incurred in dismantling an older extruder and installing the new one, because Defendant would have paid

those costs regardless of whether the extruder functioned properly. Defendant asserts that it would not have purchased the extruder at issue if Plaintiff had not promised that the extruder would perform better than the machine Defendant used at the time. As noted above, Defendant testified that it bought the extruder from Plaintiff based upon Plaintiff's representations that the machine would perform better than its existing one. (Delventhal Second Cert., Ex. C, Ledoux Dep. 91, 112.) Therefore, a reasonable finder of fact may determine that the costs incurred by Defendant in dismantling the older extruder, and testing and installing the new extruder, were reasonably foreseeable to Plaintiff. Plaintiff's Motion for Summary Judgment on this claim is denied.

D.     Defendant's Cross-Motion

Defendant brings a Cross-Motion pursuant to Fed. R. Civ. P. 56(f), seeking to compel the depositions of two of Plaintiff's witnesses, Stuart Kapp and Frank Eisenhauer. Plaintiff opposes this Cross-Motion, arguing that Defendant delayed scheduling the depositions, and then canceled the depositions after Plaintiff made the witnesses available.

Rule 56(f) permits a court to "order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had" when it appears unlikely that a party opposing summary judgment can present "facts essential to justify the party's opposition." The Court believes it is necessary that the parties promptly schedule the depositions of Mr. Kapp, who has personal knowledge of the circumstances surrounding the sale of the extruder to Defendant, and Mr. Eisenhauer, who has personal knowledge of the repairs made to the extruder. This action has been pending for over two years, and discovery should be completed promptly so that this matter may proceed to trial.

CONCLUSION

For the foregoing reasons, and for good cause shown,

IT IS on this 30th day of October, 2007,

ORDERED that Plaintiff American Leistritz Extruder Corporation's Motion for Partial Summary Judgment [39] is DENIED; and it is further

ORDERED that Defendant Polymer Concentrates, Inc.'s Cross-Motion to compel the depositions of Plaintiff's witnesses [41] is GRANTED; and it is further

ORDERED that Mr. Kapp's and Mr. Eisenhauer's depositions be completed by November 30, 2007.

s/ Anne E. Thompson
_____
ANNE E. THOMPSON, U.S.D.J.